IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-828-A |
| | § | (NO. 4:09-CR-137-A-1) |
| LISHON MARCELLE HUDSON | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Lishon Marcelle Hudson ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, and applicable legal authorities, the court concludes that none of the grounds has merit and the motion should be denied.

I.

Background and Relevant Facts

Movant pleaded guilty, sans plea agreement, to trafficking in heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He was sentenced to 135 months imprisonment and a four-year term of supervised release. His conviction and sentence were affirmed on appeal, United States v. Hudson, 422 F. App'x 343 (5th Cir. 2011), and certiorari review was denied, Hudson v. United States, 132 S.Ct. 575 (Nov. 14, 2011).

Movant had been engaged in trafficking in various drugs, including heroin and cocaine, from approximately the late 1990s until the time of his arrest on September 25, 2008.[1] In February 2007, authorities learned through a reliable confidential source ("CS") that Gabriella Zamora ("Zamora") was distributing ounce-quantities of black tar heroin. During a meeting between the CS and Zamora, Zamora informed the CS that she had fronted movant ten ounces of heroin, but that movant had failed to pay her, and owed her $7,000. Zamora also warned the CS to stay away from movant because movant had been arrested on drug charges. Authorities received further information regarding movant's drug activities throughout 2008, and eventually obtained search warrants for two of movant's homes, where they discovered 116 grams of heroin, 13 marijuana plants, 383.6 grams of marijuana, approximately $5,000 cash, and seven firearms.

II.

Grounds of Motion

In his motion and memorandum of law, movant identifies three grounds for relief: (1) Section 2D1.1(b)(1) of the United States Sentencing Guidelines ("USSG") as applied to movant "is repugnant to the Second Amendment of the United States Constitution;" (2)

---

[1] Facts are taken from movant's factual resume and presentence report.

2

trial counsel was ineffective for failing to object to recommendations in the presentence report and to the court's application of USSG sections 3C1.2 and 4A1.1(b); and (3) trial counsel was ineffective for failing to object to the calculation of movant's base offense level. Mot. at 7-8; memo. at 1, 9, 15.

III.

Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete

miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Application of USSG § 2D1.1(b)(1)

Movant contends that, by applying a two-level increase under § 2D1.1(b)(1) for possessing firearms in connection with his drug trafficking activities, the court infringed on his Second Amendment right to keep and bear arms. Movant has already raised this claim on direct appeal, and the Fifth Circuit affirmed this court's application of the two-level increase, stating that movant "has not shown that the district court committed a clear or obvious error." Hudson, 422 F. App'x at 344. Because movant raised this argument on direct appeal, and it is settled that issues raised and disposed of in a previous appeal from a judgment of conviction are not considered in § 2255 motions,

4

movant's claim that his Second Amendment rights were violated must be dismissed.[2]

C. <u>Ineffective Assistance of Counsel Claims</u>

Movant's second and third grounds raise claims of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant

---

[2] Even if movant had not already raised the Second Amendment issue on appeal, the claim fails on the merits, as the right secured by the Second Amendment protects an individual's right to possess a handgun in the home for self-protection, the right "is not unlimited," and laws restricting possession of firearms by certain individuals or in sensitive locations or situations are "presumptively lawful" measures. <u>District of Columbia v. Heller</u>, 554 U.S. 570, 626-27 & n. 26 (2008). <u>See</u> also <u>United States v. Riley</u>, 359 F. App'x 402, 404 (4th Cir. 2010) (citing <u>Heller</u> and explaining that Second Amendment protections did not extend to possession of a firearm during the commission of a crime).

must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

1. Counsel's Failure to Object to the Simultaneous Application of USSG §§ 3C1.2 and 4A1.1(b)

Movant complains that his attorney failed to object to the application of a two-level increase under USSG § 3C1.2 and a two-point criminal history assessment for an evading arrest conviction, because both increases were grounded in the same conduct. Movant raised this issue on direct appeal, and the Fifth Circuit determined that this court had committed clear error in increasing movant's criminal history score pursuant to § 4A1.1(b). Hudson, 422 F. App'x at 343-44. The Fifth Circuit, however, denied movant relief because he failed to establish that the error affected his substantial rights. Id. at 344. On appeal, under plain error review, movant had the burden to demonstrate a "reasonable probability that, but for the district

court's misapplication of the guidelines, he would have received a lesser sentence." United States v. Blocker, 612 F.3d 413, 416 (5th Cir. 2010). Further, for the error to be prejudicial and affect substantial rights, "[t]he probability of a different result must be sufficient to undermine confidence in the outcome of the proceedings." United States v. Gonzalez-Rodriguez, 621 F.3d 354, 363 (5th Cir. 2010). The Fifth Circuit determined that no such prejudice existed in movant's case.

The prejudice burden set by Strickland for ineffective assistance of counsel is similar to plain error review, particularly in that both require a showing of a reasonable probability that the outcome of the proceedings would have been different but for the errors. Movant failed to satisfy this burden on appeal, and fails to satisfy it here. As the government notes, even if movant's attorney had objected, and the two-point assessment had been removed from movant's criminal history score, movant's sentence was not affected. Originally, movant had a total offense level of 29, a criminal history category of IV, and a corresponding guideline range of 121 to 151 months imprisonment. Had the two-point assessment been removed, reducing his criminal history category to III, his guideline range would have been 108 to 135 months imprisonment, an overlap of 14 months. When a sentence falls within both the correct and

incorrect guideline ranges, the Fifth Circuit has "shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence." United States v. Campo-Ramirez, 379 F. App'x 405, 409 (5th Cir. 2010) (citing additional cases in which the Fifth Circuit declined to conclude that there was prejudice when the original and corrected guideline ranges overlapped).

Although movant's sentence of 135 months is at the top of the corrected guideline range, it is highly unlikely that the court would have considered a shorter sentence. At sentencing, the court stated:

> Well, you've had a very active criminal history starting when you were age 18. Some of your offenses are so old that they weren't taken into account in the criminal history category. Frankly, I've given some thought to a sentence above the top of the guideline range in this case, but after having heard from your family members and your attorney, I'm not going to do that.

Sentencing Tr. at 11. Given the court's comments and its consideration of a sentence above the top of the original guideline range, 151 months, there is no reasonable probability that the court would have imposed a sentence of less than 135 months imprisonment, and therefore no prejudice to movant.

2.  <u>Counsel's Failure to Object to the Inclusion of Additional Drug Amounts as Relevant Conduct under USSG Section 1B1.3</u>

Movant contends that his attorney was ineffective for failing to object to the court's calculation of movant's base offense level, which included as relevant conduct the ten ounces of heroin that movant had been fronted by Zamora. Movant claims that the conduct of obtaining the heroin was not part of a common scheme or plan, and was not the same course of conduct that resulted in his conviction, and, therefore, it should not have been included as relevant conduct in his offense level calculation.

In sentencing a defendant, the court considers a wider range of "relevant conduct" than is considered for conviction, including "past criminal behavior which did not result in a conviction." <u>United States v. Watts</u>, 519 U.S. 148, 151 (1997); <u>United States v. Levario-Quiroz</u>, 161 F.3d 903, 906 (5th Cir. 1998). The sentencing guidelines provide various ways in which relevant conduct may be included in the calculation of the guideline range. <u>United States v. Williams</u>, 610 F.3d 271, 292 (5th Cir. 2010). Relevant conduct includes all acts and omissions committed by the defendant in furtherance of the offense of conviction, and also includes, "with respect to offenses of a character for which § 3D1.2(d) would require

9

grouping of multiple counts, all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction."[3] USSG § 1B1.3(a)(2).

    a.   <u>Common Scheme or Plan</u>

"Two or more offenses may constitute part of a common scheme or plan if they are 'substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar <u>modus operandi</u>.'" USSG § 1B1.3 cmt. n.9(A); <u>Williams</u>, 610 F.3d at 293. For § 1B1.3 to apply, it is not necessary that the defendant have been convicted on multiple counts. <u>Id.</u> Movant claims that there were no common victims, no common accomplices, that the offense of conviction and the unadjudicated offense are not similar, and that common purpose factor was not satisfied. The government responds by contending that both common purpose and <u>modus operandi</u> are satisfied, and the court agrees. Movant was convicted of possession with intent to distribute heroin, and the conduct involving the acquisition of ten ounces of heroin certainly relates to the purpose of possessing and distributing heroin. Such conduct also reflects a similar <u>modus operandi</u>, as

---

[3] Section 3D1.2(d) includes the offense of conviction of movant, possession of a controlled substance with intent to distribute.

movant has admitted to regularly purchasing heroin in the same or similar quantities and reselling it.

      b.    <u>Same Course of Conduct</u>

Because movant's conduct in being fronted the ten ounces of heroin by Zamora qualifies as relevant conduct as part of a common scheme or plan, the court need not engage in a lengthy discussion as to whether such conduct is also part of the same course of conduct. The court notes, however, that movant's actions in obtaining the heroin from Zamora were part of the same course of conduct as the drug trafficking activities for which he was convicted, and therefore are considered relevant conduct for sentencing. For offenses to be part of the same course of conduct, they must be "sufficiently connected or related to each other to warrant the conclusion that they are part of a[n] . . . ongoing series of offenses." USSG § 1B1.3 cmt. n.9(b). Factors considered are the degree of similarity, regularity, and temporal proximity of the offenses. <u>Id.</u>; <u>United States v. Rhine</u>, 583 F.3d 878, 886 (5th Cir. 2009). Movant's conduct in being fronted the ten ounces clearly was related to his ongoing drug trafficking activities, and had the requisite similarity, regularity, and temporal proximity to be part of the same course of conduct as the conduct for which he was convicted.

Because movant has not shown that an objection to the relevant conduct would have been meritorious, his attorney cannot be deficient for failing to raise such an objection, and his claims fail. See Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

IV.

Order

Therefore,

The court ORDERS that the motion of Lishon Marcelle Hudson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 12, 2013.

_____
JOHN McBRYDE
United States District Judge